IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                          |
|--------------------------|---|--------------------------|
| UNITED STATES OF AMERICA | : |                          |
|                          | : |                          |
| v.                       | : | Criminal No. DKC 17-0161 |
|                          | : |                          |
| OLONDO DEVERE BRYANT     | : |                          |
|                          | : |                          |

**MEMORANDUM OPINION AND ORDER**

Mr. Bryant filed a petition requesting that the court impose a time-served sentence or, alternatively, allow him to serve his remaining period of imprisonment on home confinement due to the threat of the COVID-19 virus.  ECF No. 65.  Mr. Bryant conveys his apprehension that he may contract the COVID-19 virus and notes that he is highly susceptible because he suffers with hypertension.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c) (2018).  This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence.  See *id.* § 3582(c)(1)(A).  Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners also to seek a sentencing reduction directly from the Court.  The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

*     *     *

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Mr. Bryant is confined at Petersburg Medium FCI where, he asserts that the COVID-19 virus is an extraordinary and compelling circumstance which merits transfer to home confinement or release. Mr. Bryant submitted his request to the unit team on June 23, 2020. More than 30 days have elapsed since his request was submitted and he has not received a response, thus possibly satisfying the administrative exhaustion requirement. (ECF No. 65, p. 2).

As of November 12, 2020, the Bureau of Prisons website reports that forty-one (44) inmates and four (4) staff members are positive for COVID-19 at Petersburg Medium FCI. COVID-19 Coronavirus, https://www.bop.gov/ coronavirus/ (last visited November 12, 2020). Mr. Bryant is serving a 96-month sentence imposed on February 4, 2019, after being convicted of possession

of a controlled substance with the intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. His current release date is February 1, 2024.

While all share the concern over the public health challenges caused by COVID-19, and appreciate the heightened anxiety experienced by those incarcerated in correctional facilities, the generalized and unspecific reason stated by Mr. Bryant does not satisfy the standard for compassionate release. *See, e.g., United States v. Hood*, 2020 WL 2091070 (W.D.N.C. April 30, 2020) ("Without a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility, . . . Defendant has not shown that 'extraordinary and compelling reasons' warrant his release.") As pointed out by Judge Bell, the BOP has instituted enhanced health and safety regulations to combat the spread of the disease. See also, *United States v. Humphries*, 2020 WL 2331247 (W.D.N.C. May 11, 2020) ("[T]he mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, 'the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.' *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)."

Accordingly, the Mr. Bryant's motion for compassionate release (ECF No. 65) BE, and the same hereby IS, DENIED.


November 12, 2020                    _____/s/_____
                                     DEBORAH K. CHASANOW
                                     United States District Judge